**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SERGIO PILAR LOZA NAPOLES,

Petitioner,

v.

JAMES JANECKA, et al.,

Respondents.

No. 5:26-cv-05788-DSR

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## 1. INTRODUCTION AND PROCEDURAL BACKGROUND

On September 28, 2026, Petitioner Sergio Pilar Loza Napoles ("Petitioner"), a noncitizen who has been detained by U.S. Immigration and Customs Enforcement ("ICE") since October 31, 2025, filed his pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking his immediate release. See Doc. No. 1. Concurrently with the Petition, he voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment, and requested appointment of counsel. See Doc. Nos. 3, 4, 2. Respondent James Janecka, the warden of the detention center where Petitioner is being held, was served by the Clerk with the Petition and Notice of General Order 26-05 on September 30, 2026. See Doc. No. 6. The case became fully consented on October 3, 2026, pursuant to the terms of the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order 26-05 at Ex. "A" (Doc. No. 6); see also Doc. No. 9.

On October 1, 2026, the Court referred the case to the Office of the Federal Public Defender ("OFPD") to consider assigning counsel to represent Petitioner. See Doc. No. 8. On October 15th, the OFPD filed a recommendation that the Court appoint Attorney Sean Richard Olender of the Criminal Justice Act panel to represent Petitioner. See Doc. No. 12. The Court ordered that appointment on October 16th, and later that day Attorney Olender filed his Notice of Appearance for Petitioner. See Doc. Nos. 13, 14.

While the appointment-of-counsel process was proceeding, Respondent filed his Answer to the Original Petition on October 7th. See Doc. No. 11. On October 23rd, however, Petitioner's counsel file a First Amended Petition as a matter of right under 28 U.S.C. § 2242 and Federal Rule of Civil Procedure 15(a). See Doc. No. 17. On October 26th, the Court ordered Respondent to answer the First Amended Petition. See Doc. No. 18. Respondent filed his Answer to the First Amended Petition on November 4th. See Doc. No. 19. Petitioner filed his Reply on November 5th. See Doc. No. 20. Pursuant to General Order 26-05, the matter was then taken under submission for decision.

**2. BACKGROUND FACTS**

The following facts, alleged in the First Amended Petition, are uncontroverted in Respondent's Answer. Petitioner has been a lawful permanent resident of the United States since November 8, 1988 – now more than thirty-eight years. See First Am. Pet. at ¶ 1. On October 7, 2025, however, he left the country to visit his mother in Mexico. Id. at ¶ 2. Upon returning to Los Angeles on October 31, 2025, he was detained at the airport by immigration authorities and has remained in detention since. Id. at ¶¶ 2, 23.

Immigration authorities charged Petitioner with inadmissibility under Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act relating to a controlled substance offense. Id. at ¶¶ 4, 24. While that immigration charge was pending in the Immigration Court, Petitioner sought a custody re-determination, i.e. bond,

hearing in the Immigration Court on April 24, 2026. Id. at ¶ 18. Such hearing occurred on May 6th, but the Immigration Judge denied Petitioner release on bond. Id. at ¶ 18. Petitioner did not appeal that bond decision, and the time to appeal has now expired. Id. Petitioner sought a second bond hearing on August 31, 2026, but that request was denied because Petitioner had "not submitted any new, previously unavailable evidence that his circumstances have changed materially" since his original bond hearing. Id. at ¶ 19. Petitioner also did not appeal that bond decision, and the time to do so has likewise now expired. Id.

The removal case against Petitioner in Immigration Court (based on the controlled-substance offense noted above) concluded on July 20, 2026, when the Immigration Judge ordered Petitioner removed. Id. at ¶ 10. Petitioner did appeal that removal decision to the Board of Immigration Appeals ("BIA") on August 6th, and that appeal remains pending. Id. No transcript of the underlying proceedings in Immigration Court has yet been prepared, and no briefing schedule on the appeal has issued. Id. As noted above, Petitioner initiated this habeas case on September 28, 2026, challenging his detention during the pendency of that appeal.

**3. CLAIMS AND RELIEF SOUGHT**

In his First Amended Petition, Petitioner expressly disclaims any challenge in this Court to his removal order. See First Am. Pet. at ¶ 12 ("Petitioner does not ask this Court to review the order of removal. He asks whether his confinement is lawful.").[1] Rather, Petitioner alleges that his detention, now exceeding one-year, violates his due process rights. Id. at ¶¶ 38-48. He therefore requests the Court order Respondent either to release him on reasonable conditions of supervision or to grant him another bond hearing and release him on bond he can afford. Id. at

[1] Thus, there is no question before this Court regarding the legality of any revocation of Petitioner's lawful-permanent-resident status. Nor are the details Petitioner alleges in the First Amended Petition about the drug charges against him, the government's burden of establishing removability, or the strength of the evidence offered in the removal case (see First Am. Petition at ¶¶ 5-8, 11, 24-27) relevant to the issue in this habeas case.

p. 8. In his Answer, Respondent argues only that Petitioner has received "a legally adequate bond hearing and failed to exhaust administrative remedies." See Doc. No. 21 at 2:2-4. Respondent asserts (or at least implies) – erroneously – that Petitioner's appeal of the bond determination is pending before the BIA, and therefore Petitioner should be required to exhaust that administrative review before seeking habeas release in this Court. Id. at 2:5-10. In his Reply, Petitioner points out that his pending appeal is of the removal order, not the bond denial, and that he has no further avenue for administrative review of the bond denial. See Doc. No. 22. He then argues that "[o]n this record, and after this duration," his detention is unconstitutional. Id. at ¶ 8.

## 4. LEGAL STANDARD AND THE EXHAUSTION REQUIREMENT

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, see 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'" Martinez v. Clark, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024). Because Petitioner expressly disclaims any challenge here to the removal order, his claim about the constitutionality of his confinement is cognizable on habeas, and Respondent does not contest the point.

Habeas petitioners seeking relief under 28 U.S.C. § 2241 generally must first exhaust all available administrative remedies. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). This requirement is "prudential" and not a "jurisdictional prerequisite." Id. at 1045-46; Arango Marquez v. INS, 346 F.3d 892, 897 (9th Cir. 2003) ("[T]he district court properly waived exhaustion, because the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional.").

## 5. DISCUSSION

As noted above, this Petition is limited to a challenge to Petitioner's detention under 8 U.S.C. § 1226(a) while his removal case proceeds through the Immigration Courts – now at the BIA in light of Petitioner's appeal of the Immigration Judge's July 20, 2026, removal order. See First Am. Pet. at ¶¶ 10, 12. Petitioner summarizes his claims succinctly in his Reply in support of the First Amended Petition. The "subject of the petition" he argues there, is "the duration of the detention and the absence of evidence in supporting the sole ground of inadmissibility." See Doc. No. 22 at 1:23-25. Elsewhere in the Reply, Petitioner asserts he "documented serious ongoing defects and errors in the procedures he was afforded throughout his removal and bond hearings." Id. at 3:2-3. "Petitioner does not ask this Court to review the order of removal," First Am. Pet at ¶ 12, however, or "to make any determination regarding his order of removal, Reply at 3:2-5. Thus, any challenge to the sufficiency of the evidence in support of "the sole ground of inadmissibility," and any "defects and errors" he may claim in the removal proceedings are not at issue in this case (and therefore presumably will be raised in his pending appeal of the removal order).

After separating out those removal issues, what is left is a challenge to "the duration of the detention" (Reply at 1:24) and the "defects and errors in the procedures he was afforded throughout his … bond hearings" (id. at 3:2-3). Petitioner does not allege any particular errors in the bond hearings, however, perhaps knowing that any such claims would be barred by Petitioner's failure to exhaust his administrative remedies by appealing any such errors – a step Petitioner makes very clear he did not take. Though such exhaustion is prudential and not jurisdictional, as noted above, Courts still frequently require such exhaustion on challenges to errors allegedly made in bond proceedings, unless the petitioner can show grounds to waive that requirement. See, e.g., Fan v. Bondi, ___ F.Supp.3d. ___, No. 5:25-CV-3619-SK, 2026 WL 2276462, at *9 (C.D. Cal. Aug. 6,

2026) ("It has always been the rule, not the exception, that detainees challenging bond denials should 'exhaust[ ] administrative remedies by appealing to the BIA' – not take a 'short cut' to federal court."); Ramirez Sanchez v. Mullin, No. 5:26-CV-06415-JDE, 2026 WL 3412734, at *3-4 (C.D. Cal. Nov. 10, 2026); V.S.P. v. Giles, No. 5:26-CV-00422-SB-DMK, 2026 WL 2452492, at *2 (C.D. Cal. Aug. 20, 2026). Petitioner admittedly failed to appeal either of the bond decisions to the BIA, and he makes no effort to establish grounds to waive the exhaustion requirement so that he can challenge the bond denials in this Court in the first instance.

Instead, he makes a larger argument – "On this record, after this duration," he contends, detention under 8 U.S.C. § 1226(a) violates due process. See Doc. No. 22 at 3:5-8. The only facts "on this record," however, are that Petitioner received one bond hearing on May 6th that was denied, that he did not appeal that denial, and that his request for a second bond hearing was denied on September 1st because there was not new evidence or changed circumstances since the first bond hearing. See First Am. Pet. at ¶¶ 9, 18-19. Petitioner does not allege any particular error in either denial, however.

Thus, what Petitioner's claim boils down to is duration – Petitioner argues he has been detained now for more than one year without bond while his immigration case has been pending, and that such detention is so prolonged that it violates due process. The Ninth Circuit has directly rejected just such a claim, however, on strikingly similar facts to those Petitioner presents here. In Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022), the petitioner was a noncitizen detained under 8 U.S.C. § 1226(a) pending the completion of removal proceedings. See 53 F.4th at 1193. He requested and received a bond hearing before an Immigration Judge, the judge denied release on bond, and Mr. Rodriguez Diaz did not appeal that decision. Id. at 1196-94. Later, the Immigration Judge denied relief under the Convention Against Torture and ordered Mr. Rodriguez Diaz removed from the United States, which he appealed to the BIA and sought review of in the Ninth

Circuit. Id. He then sought a second bond hearing, which the Immigration Judge denied because Mr. Rodriguez Diaz had not shown materially changed circumstances justifying a new bond hearing. Id. at 1195. He then filed a Section 2241 habeas petition in district court, claiming that "his detention was unconstitutionally prolonged and that he should at minimum receive a new bond hearing as a matter of due process, with the government bearing the burden of proof." Id.[2]

The Ninth Circuit rejected the argument that Mr. Rodriguez Diaz's detention under 8 U.S.C. § 1226(a) – which had reached 14 months by the time of the District Court's decision on his habeas case, see 53 F.4th at 1207 – was so prolonged that it violated due process. The Court highlighted that he had received a bond hearing under Section 1226(a) before the Immigration Judge, and later sought a renewed hearing based on allegedly changed circumstances. Id. The Court ultimately found that the statutory provisions under Section 1226(a) permitting an initial consideration for release on bond, and a re-consideration of that determination upon a showing of new evidence or changed circumstances, satisfied the requirements of due process. See 53 F.4th at 1213.

While the Ninth Circuit did not "foreclose all as-applied challenges to § 1226(a)'s procedures," id., Petitioner here does not present any facts – at least none materially different than those considered in Rodriguez Diaz – to support any such as-applied challenge. Petitioner complains about the duration of his detention, 357 days as of the filing of the First Amended Petition (378 days from the date of this Order), but the detention in Rodriguez Diaz was longer (14 months at the time of the district court's decision and obviously much longer from the Circuit's decision on the subsequent appeal). Like Mr. Rodriguez Diaz, Petitioner

[2] Unlike Petitioner here, Mr. Rodriguez Diaz did appeal that second bond denial to the BIA, but filed his habeas petition in district court before the BIA could rule on that appeal. See 53 F.4th at 1195.

here received an initial bond hearing before an Immigration Judge, was denied, and chose not to appeal. Like Mr. Rodriguez Diaz, Petitioner here sought a second bond hearing, but was denied because there were no changed circumstances to warrant such a second hearing.[3] Petitioner received the process provided to him by Section 1226(a). The Ninth Circuit has upheld the constitutionality of that process. Petitioner's challenge to his detention therefore necessarily fails.

**6. CONCLUSION**

Petitioner explicitly (and properly) disclaims any challenge in this Court to his removal order, and limits his habeas plea to the legality of his detention while his appeal of that decision proceeds before the BIA. Petitioner offers no basis to challenge the constitutionality of that detention, however, other than the argument that it is unconstitutional to detain him this long, and he therefore must be released on bond. That position, on materially indistinguishable facts, has already been rejected by the Ninth Circuit in Rodriguez Diaz. Accordingly, Petitioner has not shown that he is in the custody of Respondent "in violation of the Constitution or laws or treaties of the United States." His Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is therefore DENIED.

IT IS SO ORDERED.

DATED: November 13, 2026

Dan Roberts

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE

[3] Although unlike in Rodriguez Diaz, Petitioner here did not appeal the outcome of that second bond request to the BIA, the Court does not see that voluntary decision as a materially distinguishing factor.